

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

January 27, 1947

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas          Opinion No. V-29

                              Re: Apportionment appropriation,
                                  availability of for Cameron
                                  and Willacy Counties under
                                  Acts 1945, 49th Leg., R.S.,
                                  Judiciary-Appropriation, Sec.
                                  11, p. 957, Article 3912e,
                                  Section 13 (b) and Section
                                  15 (a), V.A.C.S., for Janua-
                                  ry, 1947, to August 31,1947,
                                  inclusive.

Dear Sir:

        We acknowledge your letter of recent date re-
questing an opinion from this Department on the subject
matter therein set out, in substance, as follows:

        Under Acts 1945, 49th Legislature, House Bill
574, at page 472, designated Article 199, District
107 in Vernon's Annotated Civil Statutes, second
paragraph of Section 4 reads:

        "The County Attorneys of Willacy and Cameron
Counties shall, respectively, from and after the
effective date of this Act, represent the State of
Texas in all matters now handled by the above men-
tioned Criminal District Court within said respect-
ive County."

        In 1940 Cameron County had a population of
83,202, and Willacy County a population of 13,030.
In both counties, county officers are paid on a
salary basis.

        For the period September 1, 1946, to December
31, 1946, the first four months of the current State
fiscal year, the Comptroller's Department has been
paying the apportionment appropriation to 33 coun-
ties under provision of Article 3912e,Section 13(b),

Vernon's Annotated Civil Statutes. Willacy and
Cameron Counties will be eligible for this appor-
tionment effective January 1, 1947.

I call your attention to Acts 1945, 49th
Legislature, Appropriation--Judiciary, that part
designated, Judiciary Section--Comptroller's De-
partment, Section 11, at page 957, which provides
an apportionment appropriation "(for thirty-three
counties in 1940, as per subsection B, Section 13,
Chapter 465, Acts 44th Legislature)." Willacy and
Cameron Counties will make a total of thirty-five
counties eligible under this apportionment.

Question: Is there any appropriation available
for apportioning monies to these two counties in
accordance with and under the provisions of Article
3912e, Section 13(b), Section 15(a), Vernon's An-
notated Civil Statutes and Acts 1945, 49th Legis-
lature, Appropriation--Judiciary, Judiciary Section--
Comptroller's Department, Section 11, page 957?

Article 3912e, Section 13, V.A.C.S., authorizes
the Commissioners' Court in counties having a population
of 20,000 inhabitants or more, and less than 190,000 ac-
cording to the last preceding Federal Census, to fix the
salaries of all the county officers named therein in ac-
cordance with the provisions therein set out, among which
officers is designated the county attorney. Article
3912e, Section 15, places like authority in the Commiss-
ioners' Court of counties having a population of less
than 20,000 inhabitants.

Subsection (b) of Section 13 and subsection (a) of
Section 15, Article 3912e, V.A.C.S., read identically as
follows:

"The compensation of a criminal district
attorney or county attorney performing the duties
of district attorney, together with the compensa-
tion of his assistants, shall be paid out of the
County Officers' Salary Fund, but the State shall
pay into such fund each year an amount equal to a
sum which bears the same proportion to the total
salary of such criminal district attorney or county
attorney performing the duties of a district attor-
ney, together with the salary of his assistants,
as all felony fees collected by such official dur-
ing the year of 1935 bear to the total fees collected
by such official during such year."

Acts 1945, 49th Legislature, Regular Session, Chapter 300, House Bill 574, page 472, among other provisions, provides that beginning January 1, 1947, the Criminal District Court of Nueces, Kleberg, Kenedy, Willacy, and Cameron Counties shall become a District Court, shall be composed of the counties of Willacy and Cameron, to be known as the 107th Judicial District of Texas, and shall have concurrent jurisdiction with the 103rd Judicial District Court within said two counties. (Section 1, House Bill 574). The constitutionality of said H. B. 574 was upheld in Westervelt v. Yates, Sup. Ct., 194 S.W. (2) 395.

Subsection 4 of Section 1, House Bill 574, recorded in V.A.C.S. as Article 199, 107--Willacy and Cameron, Section 4, as amended, reads as follows:

"After the effective date of this Act, the District Attorney for the Criminal District Court for Nueces, Kleberg, Kenedy, Willacy and Cameron Counties shall serve the 28th Judicial District Court as designated by this Act, and shall thenceforth be known as the District Attorney for the 28th Judicial District of Texas, and at the next general election such office shall be filled by the election of a District Attorney for the 28th Judicial District of Texas for the Counties of Nueces, Kleberg, and Kenedy, said office to be voted upon by the qualified voters of said three named Counties only.

"The County Attorneys of Willacy and Cameron Counties shall, respectively, from and after the effective date of this Act, represent the State of Texas in all matters now handled by the above mentioned District Attorney for the above mentioned Criminal District Court within said respective Counties."

Subsection 7 of Section 1, House Bill 574, recorded in V.A.C.S. as Article 199, 107--Willacy and Cameron, Section 7, as amended, provides as follows:

"In any County which is situated within two(2) Judicial Districts and in which the County Attorney of such County is performing the duties of a District Attorney, as well as those of a County Attorney, and in which Counties the office of District Attorney, or the office of Criminal District Attorney has been abolished since the enactment of Section 13, Article 3912-e, Revised Civil Statutes of

Texas, Acts 1939. Forty-sixth Legislature,Special Laws, page 608, section 1, the Commissioners Court of any such County is hereby authorized, at their discretion, to pay to such County Attorney so performing such duties of District Attorney, as compensation, over and above the salary which such County Attorney draws as County Attorney, a sum not to exceed the amount of Twelve Hundred Dollars ($1200) per annum, such additional compensation to be paid in twelve(12) equal monthly instalments."

Perforce the provision of House Bill 574 above mentioned, county attorneys of Willacy and Cameron Counties from and after January 1, 1947, shall represent the State of Texas within their respective counties in all matters formerly handled by the District Attorney for the Criminal District Court mentioned in the Act; and further, both Willacy and Cameron Counties are situated within two judicial districts, the 107th and the 103rd. Thus, the compensation of said county attorneys shall now be determined, paid, and governed under the appropriate provisions of Article 3912e, Section 13, and subsection (b), Section 15, and subsection (a) thereof, Vernon's Annotated Civil Statutes, as modified by subsection 7 of Section 1, House Bill 574.

Under subsection (b) of Section 13 and subsection (a) of Section 15, Article 3912e, the counties of Willacy and Cameron are entitled to an apportionment payment from the State into the County Officers Salary Fund of the respective counties of an amount determined in accordance with the method of calculation therein set out, provided there is a specific apportionment appropriation made by the Legislature for the payment of such amount. Article VIII, Section 6, Constitution of Texas.

The General Appropriation Bill, Acts 1945, 49th Legislature, Regular Session, Appropriation--Judiciary, Judiciary Section--Comptroller's Department, Section 11, at page 957 and 958 provides as follows:

| | For the Years Ending August 31, 1946 | August 31, 1947 |
|---|---|---|
| "Apportionment to counties where county officers are paid salaries and where there is a criminal district attorney or county attorney performing the duties of district attorney(for thirty-three counties in 1940,as per sub-section B, section 13, Chapter 465,Acts,Forty-fourth Legislature) .................. | $146,429.00 | $146,429.00" |

This department in Attorney General Opinion No. 0-6676 held that thirty-three counties then inclusive within the provisions of subsection B, Section 13, Chapter 465, 44th Legislature, are entitled to the apportionment appropriation made by the Legislature in Section 11 of the Appropriation Bill, Acts 1945, above quoted. Furthermore, said Section 11 itself expressly limits the payment of the apportionment to thirty-three counties. The Acts of 1945 reveal no additional legislative appropriation authorizing a payment to Willacy or Cameron Counties of the amounts to which they are entitled under provisions of Article 3912e, Section 13 or Section 15, as an apportionment appropriation for the period beginning January 1, 1947, and ending August 31, 1947.

This Department's answer, therefore, to your inquiry is that there is no appropriation provided or available under the Acts of 1945 for apportioning monies to Willacy and Cameron Counties in accordance with and under the provisions of Article 3912e, Section 13(b), Section 15 (a), V.A.C.S., and Acts 1945, 49th Legislature, Appropriation--Judiciary, Section 11, page 957.

### SUMMARY

Willacy and Cameron Counties by virtue of the provisions of Acts 1945, 49th Legislature, Regular Session, Chapter 300, effective January 1, 1947, come within the provisions of Article 3912e, Section 13(b), and Section 15 (a), V.A.C.S., authorizing a State apportionment payment to each county. The Appropriation Acts of the 49th Legislature, Acts 1945, however, make no appropriation or provision for their payment.

Yours very truly

APPROVED JAN. 27, 1947

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

By *Chester T. Ollison*

Chester E. Ollison
Assistant

CEO:djm:jrb

Approved Opinion Committee
By BWB, Chairman